UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| Nicholas John Kastner,<br><br>　　　　　　Plaintiff,<br>vs.<br><br>Sherry Renee Appledorn, Individually and in her Official Capacity as a Minneapolis Officer; and Joseph Robert Will, Individually and in his Official Capacity as a Minneapolis Officer;<br><br>　　　　　　Defendants. | **COMPLAINT**<br><br>Court File No. _____<br><br><br><br>**JURY TRIAL REQUESTED** |

## I. PRELIMINARY STATEMENT

1)　Nicholas John Kastner, a suspect in some property offenses, had surrendered to law enforcement and was lying motionless on the ground when he was brutally attacked by two Minneapolis Police Officers: Sherry Renne Appeldorn and Joseph Robert Will. Mr. Kastner was non-resistive and fully compliant when Officer Appledorn stomped on his back, kicked him at least a dozen times, and shocked him at least twice with her taser gun set in drive stun mode. At about the same time, Officer Will also kicked Mr. Kastner and punched him at least twice in the head.

2)　Plaintiff now commences this action against the above Defendants for violations of his rights under the United States Constitution including his Fourth Amendment Right not to be subject to unreasonable force. Plaintiff's claims against the individual Defendants are grounded in 42 U.S.C. § 1983.

3)  Plaintiff demands that this action be tried to a jury.

## II. PARTIES

4)  Plaintiff Nicholas John Kastner is an individual residing in the City of Roseville, County of Ramsey, State of Minnesota.

5)  Defendant Sherry Renee Appledorn at all times relevant hereto was a Minneapolis Police Officer acting within the course and scope of her employment and under color of law.

6)  Defendant Joseph Robert Will at all times relevant hereto was a Minneapolis Police Officer acting within the course and scope of his employment and under color of law.

## III. JURISDICTION

7)  This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 and the Fourth Amendment to the United States Constitution. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343(a)(3) and (4), and 1367(a) and the aforementioned statutory and constitutional provisions.

## IV. FACTS

8)  On December 12, 2008, at approximately 00:25 hours, Nicholas John Kastner was in a parking ramp located at 14 South Fifth Street in the City of Minneapolis.

9)  At said time and place, Mr. Kastner was a front seat passenger in a motor vehicle driven by one Brian Thomas McCarthy.

10) Mr. McCarthy was backing his motor vehicle out of a parking stall when he was approached by Minneapolis Police Officers. The officers were approaching Mr. McCarthy and Mr. Kastner in order to stop their vehicle and seize the individuals therein based on a suspicion that the individuals were breaking and entering motor vehicles in the parking ramp.

11) Mr. McCarthy did not obey the officers' commands to stop. Instead, he fled in his motor vehicle driving rapidly away from the officers towards the parking ramp exit. Mr. Kastner repeatedly told McCarthy to stop and give up but to no avail.

12) As McCarthy neared the Fifth Street exit for the parking ramp he collided with an unoccupied Minneapolis Police Squad Car which, it is believed, was parked where it was to impede or slow McCarthy's flight. The impact momentarily stopped McCarthy's car.

13) Mr. Kastner got out of McCarthy's car when it was momentarily stopped after the impact with the squad car. Mr. Kastner immediately went to the ground and lay passively face down with his arms and legs outstretched. Mr. Kastner was obviously not resisting, not fleeing, and not posing any immediate threat to any law enforcement officer or other individual.

14) Officer Appledorn ran up to Mr. Kastner a few moments later. She stood over him. Mr. Kastner still was lying face down on the ground and not moving.

15) Officer Appledorn thereafter proceeded to stomp on Mr. Kastner's back at least two times.

16) Officer Appledorn thereafter kicked Mr. Kastner at least a dozen times. Mr. Kastner continued to simply lie on the ground and was not doing anything to resist the officer, fight with the officer, or attempt to flea. He was at all times fully cooperative even though he was continually getting beaten.

17) After she stopped kicking him, in what can only be described as an act of gratuitous violence deliberately meant to inflict pain and suffering, Officer Appledorn took out her department issued Taser and, using the device in drive stun mode, delivered at least two 50,000 volt charges to Mr. Kastner.

18) Officer Appledorn was joined in assaulting Mr. Kastner by Joseph Robert Will. Officer Will kicked Mr. Kastner and punched him at least two times in the head though at all times Mr. Kastner was being fully compliant, non-resistive, and was not fleeing.

19) At no time after he got out of Mr. McCarthy's vehicle did Mr. Kastner pose any threat to any law enforcement officer or do anything else to warrant the level of physical force against him. He was at all times compliant and simply lying on the ground.

20) Such use of force by Defendants Appledorn and Will was objectively unreasonable in light of the totality of the then existing circumstances. A reasonable police officer would have known that they were violating Mr. Kastner's clearly established right to be free from unreasonable force by repeatedly stomping on him, kicking him, hitting him, and shocking him with a taser when Mr. Kastner was not resisting or being uncooperative in any way.

4

21) Defendant Joseph Robert Will also witnessed Defendant Appledorn's use of unreasonable force against Mr. Kastner and, though he would have known it was unreasonable and had an opportunity to intervene to stop the use of unreasonable force, he failed to do so.

22) As a result of the actions of Defendants Appledorn and Will, and the inactions and omissions of Defendant Will, Plaintiff Nicholas John Kastner suffered pain and injury including injury to his back and excruciating pain and suffering. As a result, Nicholas John Kastner has in the past and will in the future incur medical and hospital expenses necessary for the care and treatment of his injuries; as a result, he has in the past and will in the future suffer great pain, disability, embarrassment, and emotional distress. Therefore, Plaintiff Nicholas John Kastner has been damaged in an amount greater than Fifty Thousand and No/One Hundredths ($50,000) Dollars.

## V. CLAIMS FOR RELIEF

*Count 1.*     *42 U.S.C. § 1983: Unreasonable Use of Force in Violation of the Fourth Amendment*

23) Plaintiff realleges the above allegations as if hereinafter set forth in full and further states and alleges as follows.

24) Defendants Appledorn and Will used force that was unreasonable in light of the then existing circumstances as judged from the perspective of a reasonable police officer at the scene when they, among other things, stomped on Mr. Kastner, repeatedly kicked him, punched him in the head, and shocked him with a Taser, thereby depriving

Nicholas John Kastner of his right under the Fourth Amendment to the United States Constitution to be free from unreasonable force in violation of 42 U.S.C. § 1983.

25) Such conduct of Defendants Appledorn and Will was objectively unreasonable and the unlawfulness of such actions was apparent in light of the then clearly established law.

26) Defendant Will stood by idly while Defendant Appledorn was subjecting Nicholas John Kastner to unreasonable force and thereby tacitly approved and assisted Defendant Appledorn in the use of such unreasonable force. Said officer knew that Office Appledorn was violating Nicholas Kastner's constitutional rights, had a reasonable opportunity to prevent the violation, and chose not to act.

27) As a result of the actions of Sherry Renee Appledorn and Joseph Robert Will, and the inaction and omissions of Joseph Robert Will, Plaintiff sustained injuries and incurred damages as set forth in Paragraph 22 above.

*Count II.*   *Punitive damages under federal law*

28) Plaintiff repeats and realleges Paragraphs 1 through 27 as though fully set forth herein.

29) All of the aforementioned acts, errors, and omissions of Defendants Appledorn and Will were committed in bad faith and with reckless disregard for the rights and safety of Nicholas John Kastner as well as other citizens so as to subject said Defendants to punitive damages pursuant to the statutes and common law of the United States of America.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court grant him relief as follows:

1) Awarding judgment in favor of Plaintiff Nicholas John Kaster against the Defendants Sherry Renee Appledorn and Joseph Robert Will, jointly and severally, in an amount greater than $50,000 as and for compensatory damages.

2) Awarding judgment in favor of Plaintiff Nicholas John Kastner against Sherry Renee Appledorn in an amount greater than $50,000 as and for punitive damages pursuant to 42 U.S.C. § 1983.

3) Awarding judgment in favor of Plaintiff Nicholas John Kastner against Defendant Joseph Robert Will in an amount greater than $50,000 as and for punitive damages pursuant to 42 U.S.C. § 1983.

4) Awarding Plaintiff Nicholas John Kastner his reasonable attorney's fees pursuant to 42 U.S.C. § 1988.

5) Awarding Plaintiff his reasonable costs and disbursements incurred herein.

6) For such other and further relief as to the Court is just and equitable.

GOETZ & ECKLAND P.A.

By: /s/ Frederick J. Goetz
FREDERICK J. GOETZ (#185425)
Exposition Hall at Riverplace
43 Main Street S.E., Suite 505
Minneapolis, MN 55414
(612) 874-1552
fgoetz@goetzeckland.com

ATTORNEY FOR PLAINTIFF

8

## ACKNOWLEDGMENT

The undersigned hereby acknowledges that costs, disbursements, and reasonable attorney and witness fees may be awarded to the Defendants.

_____
FREDERICK J. GOETZ (#185425)
Exposition Hall at Riverplace
43 Main Street S.E., Suite 505
Minneapolis, MN 55414
(612) 874-1552
fgoetz@goetzeckland.com

ATTORNEY FOR PLAINTIFF